UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
ANTHONY GREENE, MONFIA GREENE, KWANE
GREENE, YASIN GREENE, MESSIAH GREENE
And BLACKSUN GREENE

                             Plaintiffs,

                  -against-

NYPD SERGEANT EREK POWERS, NYPD POLICE
OFFICER MARK XYLAS, NYPD POLICE OFFICER
RYAN GALVIN, NYPD POLICE OFFICER
ROMANDO JULIEN, NYPD POLICE OFFICER
VAUGHAN ETTIENNE and THE CITY OF NEW
YORK,

                            Defendants.
-----------------------------------------------------------------------x

**COMPLAINT**

**Jury Trial Demanded**

Case No.: 15-CV-6436 (NGG-CLP)

      Plaintiffs bring this civil rights complaint by and through his undersigned attorney and alleges as follows:

### PRELIMINARY STATEMENT

    Plaintiffs bring this action seeking to recover damages for unlawful search, abuse of process, unlawful search and seizure and other violations of their rights under the United States Constitution. The Plaintiffs bring this action against all Defendants pursuant to 42 U.S.C. § 1983 and 1988, the Fourth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, and under the common law of the State of New York against NYPD SERGEANT EREK POWERS, NYPD POLICE OFFICER MARK XYLAS, NYPD POLICE OFFICER RYAN GALVIN, NYPD POLICE OFFICER ROMANDO JULIEN, NYPD POLICE OFFICER VAUGHAN ETTIENNE (collectively referred to herein as "THE NYPD DEFENDANTS") and THE CITY OF NEW YORK, to redress the deprivation under color of law of Plaintiffs' rights,

privileges and immunities secured by the Constitution of the United States. Plaintiffs seek money damages to redress and remedy the deprivations of their constitutional rights. In addition, Plaintiffs invoke the pendant jurisdiction of this Court over related, ancillary and pendent state law claims. Plaintiffs seek an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988 and pursuant to any other laws that may apply.

Plaintiffs allege that THE NYPD DEFENDANTS made an unreasonable search of the Plaintiffs' home, violating their rights under the Fourth and Fourteenth Amendments of the United States Constitution, and that those Defendants assaulted and battered Plaintiffs Anthony Greene, Kwame Greene, Monifa Greene and Messiah Greene. Moreover, it is alleged that THE NYPD DEFENDANTS falsely arrested and imprisoned Plaintiffs Anthony Greene, Messiah Greene, Kwane Greene, and Blacksun Greene, and subjected them to malicious prosecution, libel and slander. It is further alleged that THE NYPD DEFENDANTS unlawfully imprisoned Plaintiff Anthony Greene for several days. These violations and torts were committed as a result of the policies and practices of THE CITY and the New York City Police Department.

## JURISDICTION

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 2201 and 2202. The substantive claims in this action arise under 42 U.S.C. § 1983 and the Fourth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

2. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, *et seq*., in the Eastern District of New York, where the Defendant City of New York resides, where Plaintiffs resides, and where the actions complained of herein occurred.

3. The amount in controversy excluding interests and costs exceeds the sum of 100,000 dollars.

**NOTICE OF CLAIM**

4. On or about November 24, 2014, a Notice of Claim was served on Defendants THE CITY and THE NYPD DEFENDANTS (previously named as "John Does 1-6").

5. On or about February 19, 2015, the Defendants, through counsel, conducted a 50-h examination of all Plaintiffs.

6. At least 30 days have elapsed since the Notice of Claim was presented to the Defendants for adjustment, and the Defendants have refused to adjust or make payment therefor.

**PARTIES**

7. Plaintiff, Anthony Greene, is, and at all times mentioned herein was, a resident of New York City, Kings County, New York State.

8. Plaintiff, Anthony Green, is, and at all times mentioned herein was, the husband of Plaintiff Monifa Greene and the father of Plaintiffs Kwane Greene, Messiah Greene, Blacksun Greene, and Yasin Greene.

9. Plaintiff, Monifah Greene, is, and at all times mentioned herein was, a resident of New York City, Kings County, New York State.

10. Plaintiff, Monifah Greene, is, and at all times mentioned herein was, the wife of Plaintiff Anthony Greene and the mother of Plaintiffs Kwane Greene, Messiah Greene, Blacksun Greene, and Yasin Greene.

11. Plaintiff, Kwane Greene, is, and at all times mentioned herein was, a resident of New York City, Kings County, New York State.

12. Plaintiff, Messiah Greene, is, and at all times mentioned herein was, a resident of New York City, Kings County, New York State.

13. Plaintiff, Blacksun Greene, is, and at all times mentioned herein was, a resident of New York City, Kings County, New York State.

14. Plaintiff, Yasin Greene, is, and at all times mentioned herein was, a resident of New York City, Kings County, New York State.

15. At all times mentioned herein, the Plaintiffs resided together in a home located at 377 MacDonough Street in Kings County, New York.

16. At all times mentioned herein, Defendant THE CITY was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the NYPD, and their employees.

17. At all times mentioned herein, Defendant NYPD was and is a subdivision subject to the control of THE CITY, organized and existing under and by virtue of the law of the City and the State of New York.

18. THE CITY and the NYPD have, jointly and severally, a constitutional and statutory responsibility for the conditions at the NYPD, and are jointly and responsible for ensuring that the operations of the NYPD and its representatives are in conformity with constitutional requisites.

19. THE CITY and the NYPD are jointly and severally responsible for ensuring that the NYPD police officers, special patrolmen, and peace officers specifically those Defendants named and referenced herein, obey the regulations of the NYPD, and THE CITY, the ordinances and laws of THE CITY, and the laws and the Constitution of the State of New York and the United States.

20. At all times mentioned herein, Defendant THE CITY is and was responsible for the policies, practices and customs of the NYPD, including but not limited to the receipt and/or lodging and/or holding of suspects within NYPD facilities and precincts.

21. At all times mentioned herein, Defendant THE CITY is and was responsible for the hiring, training, supervision, retention, control and discipline of the NYPD and its officers.

22. At all times mentioned herein, Defendant THE CITY is and was responsible for the operation, practices, and totality of conditions of the NYPD.

23. At all times mentioned herein, Defendant THE CITY is and was the employer of the personnel named herein as THE NYPD DEFENDANTS.

24. THE NYPD DEFENDANTS are, and at all times mentioned herein were, duly appointed Peace Officers and/or Police Officers and/or Special Patrolmen and designated as such by THE CITY and the NYPD, and at all times herein were acting in such capacity as agents, servants and employees of THE CITY, and/or THE NYPD.

25. At all times mentioned herein THE NYPD DEFENDANTS were acting under color of the laws of New York City and New York State, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or THE CITY, and/or the NYPD.

26. This action is brought against THE NYPD DEFENDANTS in their official and individual capacities.

## FACTS

27. On or about 29 August 2014, THE NYPD DEFENDANTS forcibly entered the Plaintiffs home without privilege, permission or authority.

28. THE NYPD DEFENDANTS individually and/or collectively forcibly handcuffed Plaintiff Yasin Greene inside his home and forcibly removed him from the residence.

29. THE NYPD DEFENDANTS individually and/or collectively pushed and shoved Plaintiff Monifa Greene without cause.

30. Plaintiff Messiah Greene exited the location and began recording the incident on his cellular phone.

31. THE NYPD DEFENDANTS individually and/or collectively grabbed Messiah Greene, picked him up, and threw him to the concrete.

32. THE NYPD DEFENDANTS, specifically NYPD SERGEANT EREK POWERS individually and/or collectively repeatedly stunned Anthony Greene in the back with a taser without cause or provocation.

33. THE NYPD DEFENDANTS individually and/or collectively forcibly handcuffed and arrested Anthony Greene without probable cause.

34. THE NYPD DEFENDANTS individually and/or collectively forcibly handcuffed and arrested Messiah Greene without probable cause.

35. THE NYPD DEFENDANTS individually and/or collectively forcibly handcuffed and arrested Kwane Greene without probable cause.

36. THE NYPD DEFENDANTS individually and/or collectively forcibly handcuffed and arrested Blacksun Greene without probable cause.

37. Plaintiff Anthony Greene was in physical distress as a result of being stunned with a police taser.

38. Plaintiff Anthony Greene requested that THE NYPD DEFENDANTS allow his wife, Plaintiff Monifa Greene, to retrieve his medication from their home.

39. THE NYPD DEFENDANTS individually and/or collectively refused to allow Anthony Greene to retrieve his medication.

40. Plaintiff Anthony Greene suffered a heart attack and extreme hypertension as a result of being tased and stunned by THE NYPD DEFENDANTS individually and/or collectively.

41. THE NYPD DEFENDANTS individually and/or collectively re-entered the Plaintiffs' home and conducted a search of the Plaintiff's home.

42. THE NYPD DEFENDANTS did not have a valid search warrant for the premises, or any other legitimate basis to search the Plaintiffs' home.

43. Each of the Plaintiffs were present and watched as the foregoing incidents transpired.

44. Plaintiff Anthony Greene was ultimately transported to Woodhull Hospital via ambulance where THE NYPD DEFENDANTS shackled him to the bed for several days before being transferred to Elmhurst Hospital.

45. Plaintiff Anthony Greene suffered bruising, swelling, and lacerations to the leg and ankle as a result of being shackled to the hospital bed.

46. Plaintiff Blacksun Greene was taken to the precinct where he was released after several hours.

47. Criminal charges against Plaintiff Anthony Greene which stem from the foregoing incident were dismissed in their entirety.

48. Criminal charges against Plaintiff Messiah Greene which stem from the foregoing incident were dismissed in their entirety.

49. Criminal charges against Plaintiff Yasin Greene which stem from the foregoing incident were dismissed in their entirety.

50. Criminal charges against Plaintiff Kwane Greene which stem from the foregoing incident were dismissed in their entirety.

51. As a result of the foregoing, the Plaintiffs have suffered severe pain and agony, emotional distress, psychological injury, damage to their reputation, lost wages, and decreased earning capacity.

## LEGAL CLAIMS

## FEDERAL CAUSES OF ACTION

### COUNT I: 42 U.S.C. SECTION 1983 AGAINST INDIVIDUAL DEFENDANTS

52. Paragraphs 1-51 are incorporated herein by reference as though fully set forth.

53. THE NYPD DEFENDANTS used excessive unnecessary force, subjected the plaintiffs to cruel and unusual punishment, and unlawfully deprived the plaintiffs of their liberty and property.

54. Plaintiffs claim damages for the injuries set forth above under 42 U.S.C. Section 1983 against THE NYPD DEFENDANTS for violation of their constitutional rights under color of law, in an amount to be determined by a jury after due trial.

### COUNT II: 42 U.S.C. SECTION 1983 AGAINST THE CITY

55. Paragraphs 1-54 are incorporated herein by reference as though fully set forth.

56. Prior to August 2014, THE CITY developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons, which caused the violation of the Plaintiffs' rights.

57. It was the policy and/or custom of THE CITY to tolerate acts of misconduct.

58. It was the custom and policy of THE CITY to inadequately supervise and train and retain and hire their police officers and/or peace officers, including THE NYPD DEFENDANTS,

thereby failing adequately to discourage further constitutional violations on the part of their police officers and/or special patrolmen and/or peace officers. THE CITY did not require appropriate in-service training or re-training of officers.

59. THE CITY developed a custom and unwritten policy of excessively discharging tasers on private citizens without provocation; in January 2016, John Marzulli from the New York Daily News reported that officers unlawfully entered the apartment of an 86 year old man and repeatedly tased him; officers were looking for a 23 year-old suspect at the time and did not have a search warrant; although the octogenarian had not committed any crime, and NYPD spokesman stated that the officers acted appropriately in entering the man's home and tasing him.

60. An October 2015 report form the New York City Department of Investigation specifically noted that the NYPD policies are silent on what constitutes force and/or excessive force, and that the NYPD Patrol Guide does not properly instruct officers on how to de-escalate encounters with the public; the report further noted that the NYPD training has no substantive focus on de-escalation, and that the NYPD has frequently failed to impose discipline even confronted with evidence of excessive force.

61. As a result of the above described policies and customs, police officers and/or peace officers and/or special patrolmen of THE CITY, including THE NYPD DEFENDANTS believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be sanctioned or investigated, but would be tolerated.

62. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of THE CITY to the constitutional rights of persons within the City and were the cause of the violations Plaintiffs' rights alleged herein.

63. Plaintiffs claim damages for the injuries set forth above under 42 U.S.C. Section 1983 against THE CITY for the violation of his constitutional rights under color of law, in an amount to be determined by a jury after due trial.

### COUNT III: ASSAULT AND BATTERY

64. The allegations of Paragraphs 1-63 are incorporated by reference herein as though fully set forth.

65. THE NYPD DEFENDANTS were working within the scope of their authority provided by NYPD and/or THE CITY when they committed the actions described above generally and specifically those actions delineated in paragraphs 1-64 above, and thereby assaulted and battered the Plaintiff.

66. The assault and battery aforesaid was without probable cause.

67. THE NYPD DEFENDANTS were careless and reckless and negligent in that they did not stop or restrain their fellow officers from assaulting Plaintiffs Anthony Greene, Messiah Greene and Monifa Greene.

68. As a result of the aforesaid assault and battery, the Plaintiffs sustained serious and permanent personal injuries, along with humiliation, shame, indignity, lost wages, lost earning capacity, damage to reputation and suffered emotional distress, in an amount to be determined by a jury after due trial.

### COUNT IV FALSE ARREST AND IMPRISONMENT

69. The allegations of Paragraphs 1-68 are incorporated by reference herein as though fully set forth.

70. THE NYPD DEFENDANTS were working within the scope of their authority provided by NYPD and THE CITY when they committed the actions described above generally and

specifically those actions delineated in paragraphs 1-69 above, and thereby confined the Plaintiffs without privilege.

71. The confinement aforesaid was without probable cause or privilege.

72. THE NYPD DEFENDANTS were careless and reckless and negligent in that they did not stop or restrain their fellow officers from confining the Plaintiffs.

73. As a result of the aforesaid confinement, the Plaintiffs sustained serious and permanent personal injuries, along with humiliation, shame, indignity, lost wages, lost earning capacity, damage to reputation and suffered emotional distress, in an amount to be determined by a jury after due trial.

## PENDENT STATE CLAIMS

## COUNT V: NEGLIGENT RETENTION, TRAINING AND HIRING

74. The allegations of paragraphs 1-73 are incorporated by reference herein as though fully set forth.

75. THE CITY was responsible for hiring and training and/or certifying police officers and/or peace officers and/or special patrolmen, including the individual Defendants, and ensuring they were competent and capable of properly carrying out their job without causing injury to persons including the Plaintiffs herein.

76. THE CITY was negligent, reckless, and careless in the hiring of the defendant police officers and/or peace officers and/or special patrolmen.

77. THE CITY negligently failed to investigate and determine whether the individual Defendants were capable and competent.

78. THE CITY negligently failed to investigate and determine whether the Defendants were competent and capable of properly carrying out their job without causing injury to persons including the Plaintiffs herein.

79. THE CITY was negligent, reckless, and careless in the retaining of THE NYPD DEFENDANTS, in that they knew or should have known based on information available to them that the Defendant police officers and/or peace officers were not competent or capable, and/or exhibited vicious propensities.

80. THE CITY was responsible for training police officers and/or peace officers and/or special patrolmen, including THE NYPD DEFENDANTS to render them competent and capable of properly carrying out their job without causing injury to persons including the Plaintiffs herein.

81. THE CITY was negligent, reckless, and careless in the training of the Defendant police officers and/or peace officers, in that they failed to render such training would render the Defendant police officers and/or peace officers competent and capable and/or ameliorate their vicious propensities.

82. THE CITY negligently failed to train the officers and render the Defendants capable and competent.

83. As a result of the aforesaid negligence, the Plaintiffs sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and suffered emotional distress, in an amount to be determined by a jury after due trial.

**COUNT VI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

84. The allegations of paragraphs 1-83 are incorporated by reference herein as though fully set forth.

85. THE NYPD DEFENDANTS were working within the scope of their employment when they committed the actions described above, generally and specifically, those actions delineated in paragraphs 1-82 above; those actions were intentionally and/or recklessly performed and/or committed.

86. The Defendants' conduct jointly and severally was outrageous.

87. The Plaintiffs' witnessed the outrageous conduct of THE NYPD DEFENDANTS against their respective family members.

88. The Defendants' joint and several conduct caused the Plaintiffs to suffer extreme emotional distress.

89. As a result of the aforesaid intentional infliction of severe emotional distress, the Plaintiffs sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation, and suffered extreme emotional distress, in an amount to be determined by a jury after due trial.

## COUNT VII: LIBEL AND SLANDER

90. The allegations of paragraphs 1-89 are incorporated by reference herein as though fully set forth.

91. On or about August 29, 2014, THE NYPD DEFENDANTS individually and/or collectively accused Plaintiffs Anthony Greene, Kwame Greene, Messiah Greene, Yasin Greene of crimes of moral turpitude verbally and in writing.

92. THE NYPD DEFENDANTS individually and/or collectively made statements to third party police officers and/or peace officers and/or special patrolmen and the District Attorney.

93. Those statements were knowingly untrue.

94. Those statements were false as it pertained to Plaintiffs Anthony Greene, Kwame Greene, Messiah Greene, Yasin Greene, and the publication was defamatory.

95. The allegations were libelous on their face; they clearly exposed Plaintiffs Anthony Greene, Kwame Greene, Messiah Greene, Yasin Greene to hatred, contempt, ridicule and obloquy because they accuses him of acts of moral turpitude, and conduct adversely affecting his work.

96. The statements were seen and/or read and/or learned of on or about August 29, 2014, and thereafter, by large portions of the Kings County Community.

97. As a proximate result of the above-described publication, Plaintiffs have suffered loss of their reputation, shame, mortification, and injury to their feelings, all to their damage in an amount, which exceeds the jurisdiction of all lower courts.

98. The above-described publication was not privileged because it was published by THE NYPD DEFENDANTS with malice, hatred and ill will toward Plaintiffs published it and the desire to injure him published it.

99. Because of THE NYPD DEFENDANTS 'malice in publishing, Plaintiffs seek punitive damages. Plaintiffs have cultivated relationships which relationships THE NYPD DEFENDANTS intended to damage and which relationships were in fact damaged by the publication and statements.

## COUNT IX: MALICIOUS PROSECUTION AGAINST THE INDIVIDUAL DEFENDANTS

100. The allegations of paragraphs 1-99 are incorporated by reference herein as though fully set forth.

101. THE NYPD DEFENDANTS initiated a criminal proceeding against Plaintiffs Anthony Greene, Messiah Greene, Kwane Greene, Blacksun Greene in that they drafted and/or provided information and/or submitted criminal summonses against those Plaintiffs.

102. The criminal action against each of the Plaintiffs terminated in each of the Plaintiffs' favor.

103. THE NYPD DEFENDANTS lacked probable cause to commence a criminal proceeding against the Plaintiffs.

104. THE NYPD DEFENDANTS commenced and/or brought the criminal proceeding out of actual malice against the Plaintiffs.

## COUNT IX: MALICIOUS PROSECUTION AGAINST THE CITY

105. The allegations of paragraphs 1-104 are incorporated by reference herein as though fully set forth.

106. THE CITY initiated a criminal proceeding against Plaintiffs Anthony Greene, Messiah Greene, Kwane Greene, Blacksun Greene in that they drafted and/or provided information and/or submitted criminal summonses against the Plaintiffs.

107. The criminal action against each of the previously-mentioned Plaintiffs terminated in each of the Plaintiff's favor.

108. THE CITY lacked probable cause to commence a criminal proceeding against the previously-mentioned Plaintiffs.

109. THE CITY commenced and/or brought the criminal proceeding out of actual malice against the Plaintiffs.

110. These actions fall within one or more of the exceptions set forth in CPLR 1602.

111. That the within causes of action is not subject to the limitations set forth in CPLR section 1602.

**WHEREFORE**, Plaintiff prays for relief as follows: (1) that the Court determine and enter judgment declaring that the acts and omissions of the Defendants, as set forth above, violated rights secured to the Plaintiffs by the United States Constitution; (2) that the Court award compensatory damages to the Plaintiffs; (3) that the Court award punitive damages to the Plaintiffs; (4) that the Defendants be required to pay the legal costs, attorney's fees and expenses in this action; and (5) that the Court grant such further and additional relief as is appropriate.

Dated: New York, New York
October 29, 2015

                                            Respectfully Submitted,

                                  BY:    /s/ Richard J. Washington
                                                Richard J. Washington (RW 4793)
                                                THE OFFICES OF RICHARD J. WASHINGTON, ATTORNEY AT LAW
                                                *Attorney for Plaintiffs*
                                                40 Wall Street, Suite 2800
                                                New York, New York 11550
                                                Tel:   (646) 512-5886
                                                Fax:  (646) 607-9383

To: THE CITY OF NEW YORK
       Attn: Corporation Counsel
       100 Church St., 5th Fl.
       New York, NY 10007